# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-cr-00147-6 |
| | ) | |
| MATTHEW PEEDEN | ) | |

## MEMORANDUM OPINION AND ORDER

To be entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), Defendant must establish both that (1) extraordinary and compelling circumstances exist, and (2) the applicable 18 U.S.C. § 3553(a) factors warrant release. United States v. Harvey, 996 F.3d 310, 314 (6th Cir. 2021). Because Matthew Peeden has not come close to establishing either, his Motion for Compassionate Release (Doc. No.568), as supplemented by court-appointed counsel (Doc. No 583), will be denied.

Defendant claims he has hypertension and, because he contracted COVID-19 in the past, has undefined lung issues and immune system problems. In his supplemental motion, he writes:

> Defendant Peeden suffers from a host of medical conditions that make him high risk to contract the Covid-19 virus again. Specifically, he suffers from and currently receives medical treatment for hypertension and diabetes. Additionally, Mr. Peeden recently developed a hernia in September 2021, which is being treated with a restricted diet and antacids. This further evidenced the continued decline in his health. Mr. Peeden also has a history of breathing issues. These breathing issues were substantially increased after he contracted Covid-19 in August 2021. Since contracting Covid-19, Defendant Peeden's health has declined as he continues to suffer from constant shortness of breath, brain fog, light-headedness and limitations on his taste and smell.

(Doc. No. 583 at 2-3). But Defendant points to nothing in the record to substantiate these assertions, and his request for early release could be denied on this basis alone. See United States v. Elias, 984 F.3d 516, 520–21 (6th Cir. 2021) (stating that defendant's failure to provide medical records

supporting her hypertension meant that "district court could have denied [her] motion for compassionate release on this basis"); United States v. United Mackety, 854 F. App'x 36, 38 (6th Cir. 2021) (affirming denial of compassionate release where nothing in the record showed that the Bureau of Prisons was "unable to manage Defendant's particular needs," which included hypertension and diabetes "even during the Covid-19 pandemic").

Nevertheless, the Court has independently reviewed the 50 pages of medical records submitted by the Government (Doc. No. 587-2), and finds nothing to suggest that Defendant suffers from uncontrolled hypertension or diabetes, or the other ailments he claims. In fact, he may not even have these conditions, although some family member might. Nothing in the medical records suggests that Defendant has received medications for shortness of breath, high blood pressure, or diabetes. Nor do the records indicate that his blood sugar level are being monitored. As for his blood pressure, it appears to be consistently within relatively normal limits (e.g. 124/76 and 134/62. (Id. at 2, 7, 9). Finally, while the medical records confirm that Defendant tested positive for "SARS CoV 2 RNA(COVID 19)" on August 20, 2021, (id. at 40), they do not show the continuing ill effects about which he now complains.

Far from establishing compelling and extraordinary reasons, the medical records provide yet another independent basis for denial of his request for release. On March 18, 2021, Defendant was offered the Pfizer vaccine, but refused. (Id. at 40), That was certainly his choice, "[b]ut if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(I) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021).

The lack of compelling and extraordinary circumstances aside, Defendant has not shown that the 3553(a) factors warrant release. In fact, all he argues is that he "has completed 50% of his sentence, with a projected release date of July 2026," and his "continued incarceration will continue to present many health risks." (Doc. No. 583 at 9).

Permitting Defendant's release after having served half of his sentence would not serve as a sufficient deterrent to him or others. Nor would such a sentence be sufficient punishment for his offenses of conviction.

At the time of his arrest, Defendant was in possession of a distribution amount of methamphetamine, a drug ledger, and a loaded firearm. He was part of a large methamphetamine distribution ring serving the Lebanon, Tennessee area. In addition to being charged with conspiracy, Defendant was charged with two counts of distribution, and possessing a firearm in relation to a drug trafficking crime.

Worse yet, this was hardly Defendant's first run-in with the law. According to the uncontested Presentence Report ("PSR") that the Court relied upon during sentencing, Defendant, while a juvenile, was convicted of aggravated assault, disorderly conduct, and possession of a controlled substance. (PSR ¶¶ 26-27, 29). His behavior hardly improved when he reached the age of majority. Instead, as an adult, Defendant sustained misdemeanor convictions for simple possession, theft of property, and child neglect, and felony convictions for promotion of methamphetamine. (PSR ¶¶ 31-33, 35, 37, 40, 44, 45). His employment history was nothing to write home about, either, and he does not suggest where he could work were he to be released.

Defendant was sentenced to an effective term of 120 months on November 29, 2017, after receiving credit for the time spent in state custody. He has not served a sentence that is sufficient

3

but no greater than necessary to fulfill the goals of sentencing as expressed in Section 3553(a)(2). Nor do his medical conditions, to the extent they actually exist, rise to the level of extraordinary and compelling. Accordingly, his *pro se* Motion for Compassionate Release (Doc. No.568) and Supplemental Motion filed by counsel (Doc. No 583) are hereby **DENIED**.

    IT IS SO ORDERED.

                                                              _____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE